# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

1. JOHN W. HAGGERTY, JR., )
   )
   Plaintiff, )
   )
v. ) Case No. CIV-17-251-HE
   )
1. ATLAS DRILLING LLC, )
   )
   Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1. The Plaintiff is John W. Haggerty, Jr., an adult resident of Woodward County, Oklahoma.

2. The Defendant is the Atlas Drilling, LLC, a domestic limited liability company operating in Woodward County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for discrimination on the basis of race, including termination, in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(a).

4. Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is appropriate in any district in the State. Plaintiff resides within Woodward County, and Defendant may be served in that county. Woodward County is located in the Western District of the United States District Court of Oklahoma. Wherefore, venue if proper in this court.

## **STATEMENT OF FACTS**

5. Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under Title VII. There is no minimum number of employees required to be covered by the OADA.

6. Plaintiff John Haggerty, a Caucasian male, was employed by Defendant from around June 12, 2012, until his termination on or around July 29, 2013, as a roughneck/floor hand.

7. Plaintiff was qualified for his job at all times during employment.

8. During his employment, Plaintiff performed his job duties satisfactorily.

9. During his employment, Plaintiff never received any complaints about performance, nor any discipline.

10. At the time of Plaintiff's termination, everyone on his crew was Caucasian, except for two Mexican employees who were on a different shift.

11. Approximately one or two weeks prior to Plaintiff's termination, the owner's son called everyone on the rig in for a meeting. During this meeting, the owner's son stated that if the crews did not start working faster and get everything done, then he would "fire every one of [them] and get all Mexicans." He went on to state that he had a "bus full of Mexicans all ready to go."

12. Approximately July 29, 2013, Jimmy Cox (tool pusher, Caucasian), advised Plaintiff's crew that they were all fired. Plaintiff did not believe it, so he went to the rig to find out.

13. When Plaintiff arrived at the rig that day, all employees present were Mexican. The company man on site (name unknown, Caucasian) advised Plaintiff that Defendant had fired all of the white employees and kept the only two Mexican employees.

14. The motivating factor for Plaintiff's termination was Plaintiff's race.

15. As a direct result of Defendant's actions Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

16. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a finding that there was cause to believe discrimination occurred, and the parties engaged in conciliation efforts. The efforts to conciliate failed, and the EEOC issued Plaintiff's right to sue letter on February 9, 2017, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

17. Discrimination based on race is prohibited by Title VII and by the Oklahoma Anti-Discrimination Act.

18. Under Title VII and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

19. Under Title VII, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

**PRAYER**

Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant and grant his all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF MARCH, 2017.**

                    HAMMONS, GOWENS, HURST
                    & ASSOCIATES

                    s/ Leah M. Roper
                    Mark E. Hammons, OBA #3784
                    Amber L. Hurst, OBA # 21231
                    Leah M. Roper OBA # 32107
                    HAMMONS, GOWENS & ASSOCIATES
                    325 Dean A. McGee Avenue
                    Oklahoma City, Oklahoma 73102
                    Telephone:  (405) 235-6100
                    Facsimile:  (405) 235-6111
                    Leah@hammonslaw.com
                    *Counsel for Plaintiff*
                    JURY TRIAL DEMANDED
                    ATTORNEY'S LIEN CLAIMED