# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JOHN W. HAGGERTY JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-251-HE |
| | ) | (Consolidated Case No.) |
| ATLAS DRILLING, LLC, | ) | |
| Defendant. | ) | |
| TAYLOR MILLS, | ) | |
| Plaintiff, | ) | |
| vs | ) | NO. CIV-17-0809-HE |
| ATLAS DRILLING, LLC, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs in these consolidated cases sued their former employer, Atlas Drilling, LLC ("Atlas"), asserting federal and state claims arising out of their termination by defendant. Atlas has filed a motion for judgment on the pleadings with respect to the claims asserted by plaintiffs Larry Beavers, James Cox, Bryan Cox, Timothy Sparks, Gary Ledbetter, Donald Todd Sanders, Joshua Cunningham, John Robinett, and Alfred William Ward. These plaintiffs have asserted reverse discrimination and retaliation claims based on national origin against defendant under Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act ("OADA") and intentional infliction of emotional distress claims under Oklahoma law.

The court reviews whether a plaintiff has stated a claim under Fed.R.Civ.P.12(c) using the same standard that applies to Rule 12(b)(6) dismissals. Sanchez v. United States Dep't of Energy, 870 F.3d 1185, 1199 (10th Cir. 2017). In other words, "to survive judgment on the pleadings, [plaintiffs] must allege 'a claim to relief that is plausible on its face.'" *Id.* (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court examines the elements of the particular claim and reviews whether a plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to determine whether the claim is "plausible on its face." Ashcroft, 556 U.S. at 678. All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to plaintiffs. Sanchez, 870 F.3d at 1199. The court does not "accept mere labels and legal conclusions as true," even though it "construe[s] factual allegations as true." *Id.*

In their response brief, plaintiffs state that they do not object to the dismissal of their retaliation and intentional infliction of emotional distress claims.[1] Those claims will be dismissed. That leaves for consideration the sufficiency of plaintiffs' reverse discrimination national origin claims under Title VII and OADA.

Plaintiffs allege in the complaint they are "all of non-Hispanic national origin"[2] and were hired by defendant to work on Rig #3 with other employees who were of Hispanic

---

[1] *Plaintiffs state that they will, though, seek to recover for their emotional distress as an element of damages of their Title VII claims.*

[2] *Doc. #1, ¶37 [Case No.17-531-HE]. (Page references to documents and exhibits are to the CM/ECF document and page number.)*

and non-Hispanic origin. They allege that they were ahead of schedule in meeting a deadline and had not been disciplined or notified of any problems with their job performance when, around mid-July 2013, defendant's vice-president, Jesse Vap, gave them a warning. He allegedly told them that if they did not stop taking breaks and make improvements he would replace them with "Mexicans." Plaintiffs assert that later that month, on July 29, 2013, Vap terminated all white, non-Hispanic employees who were working on Rig #3. Plaintiffs claim that two Hispanic employees who had worked with them were not discharged. Plaintiffs also allege that defendant segregated its employees based on national origin by staffing certain rigs with only Hispanic employees and Rig#2 with mostly non-Hispanic employees.

"Generally stated, a prima facie case of discriminatory discharge under Title VII requires plaintiff to demonstrate that [he] (1) belongs to a protected class; (2) was qualified for [his] position; (3) was discharged; and (4) [his] position was not eliminated after [his] discharge."[3] Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1150 (10th Cir. 2008). Instead of showing that he is a member of a protected class, a reverse discrimination plaintiff[4] who seeks to obtain the benefit of the McDonnell Douglas[5]

---

[3] *Because the standard is flexible, it "may vary depending on the context of the claim and the nature of the adverse employment action alleged." Adamson, 514 F.3d at 1150. "Thus, the fact a plaintiff's job was or was not eliminated after [his] discharge is not necessarily conclusive of [his] prima facie case." Id. at 1150-51.*

[4] *A reverse discrimination plaintiff generally is a plaintiff who belongs to a traditionally favored class.*

[5] *McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).*

presumption must demonstrate "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari v. Denver Water Dep't, 971 F.2d 585, 589 (10th Cir. 1992).

Defendant contends plaintiffs' reverse discrimination claims are deficient because plaintiffs allege Atlas discriminated against them based on their "non-Hispanic" national origin, yet fail to provide "any factual detail regarding the distinct national origin of all Plaintiffs." Doc. #28, p. 9. [6] Defendant does not otherwise challenge plaintiffs' allegations. Plaintiffs respond that in the charges of discrimination they filed with the EEOC, they referred to their race as white, so "Defendant was clearly on notice that Plaintiffs were in fact identifying as being discriminated against because they were 'White.'" Doc. #40, p. 6. They then request leave to amend their complaint "to more clearly articulate their claims based on race as well as national origin, conforming with the Plaintiffs' Charges of Discrimination." *Id.* at p. 9.

While the complaint could and should have been more clearly drafted, the court concludes it sufficiently states claims for reverse discrimination based on national origin, despite plaintiffs' failure to identify their country of origin. It is enough, under the circumstances, for plaintiff to assert that they are "non-Hispanic." The clear implication is that they are from the United States. Regardless, because the court is granting plaintiffs

---

[6] *Atlas also challenges plaintiff's reference in the complaint to language in the EEOC's determination letter which it asserts is "inadmissible and non-binding." Doc. #28, p. 8. The court has considered only the factual allegations plaintiffs incorporated from the text of the determination letters, not the Commission's findings.*

4

leave to amend, as will be explained subsequently, plaintiffs are directed to supplement their allegations pertaining to their national origin claims and specifically state their national origin.

The court also concludes plaintiffs' request in their response brief for leave to amend their complaint to allege discrimination claims based on race should be granted. Their complaint includes allegations of race discrimination but does not assert a separate race discrimination claim. Defendant acknowledges that "Plaintiffs each checked the 'race' box in their respective EEOC Charges," Doc. #41, p. 6, so it has been on notice of the possibility of a race-based discrimination claim since the charges were filed with the EEOC. As defendant notes, the court did not extend the time for amending pleadings when it recently revised the parties' scheduling order. However, the addition of race discrimination claims is not a major change in these plaintiffs' complaint. It should not necessitate much additional discovery, unduly prejudice defendant or otherwise significantly affect the case, especially when the plaintiffs in the other two consolidated cases have asserted race-based discrimination claims.

Accordingly, defendant's motion for judgment on the pleadings [Doc. #28] is granted with respect to plaintiffs' claims for retaliation and intentional infliction of emotional distress. It is denied with respect to their discrimination claims based on national origin under Title VII and the OADA. Plaintiffs' request for leave to amend their complaint to add reverse discrimination claims based on their race is granted. *See* Fed.R.Civ.P. 15. Plaintiffs are directed to file their amended complaint within three days.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE